ABRAHAM and another, Appellants, vs. AGNEW and others, Respondents.

*September 28 — October 25, 1892.*

*(1) Logs and lumber: Lien for supplies: Construction of statutes. (2) Costs: Immaterial error.*

1. All laws giving a lien on logs for supplies were repealed by ch. 330, Laws of 1881. Ch. 469, Laws of 1885, and ch. 530, Laws of 1887, gave such a lien in Oconto and other counties, not including Douglas. Ch. 413, Laws of 1889, providing for a lien on logs for labor or services, repealed the acts of 1885 and 1887, and made no mention of a lien for supplies except in sec. 17, where it is provided that "no lien for supplies shall be had under this act except in the counties of Oconto and Douglas." *Held,* that the act of 1889 did not give a lien for supplies in Douglas county.

2. An error in awarding costs to a defendant who was not entitled thereto, jointly with one who was entitled to costs, is not one of which the plaintiff can complain, where the amount of the costs was not increased by such joint award.

APPEAL from the Circuit Court for *Douglas* County.

This action was commenced to foreclose a lien for supplies furnished by the appellants to the respondent *Agnew*, and used in and about the cutting and hauling of 2,000,000 feet, board measure, of logs which were put in the Brule river, in Douglas county Wisconsin, and 200,000 feet, board measure, of said logs were attached by warrant under the lien law. One *Matt. Murphy* was made a codefendant with *Agnew*. Neither of them appeared. When the case came before the court for assessment of damages, *H. M. Stocking* intervened and filed an answer claiming the logs,

alleging they were cut and hauled from Bayfield county, except about 20,000 feet, and denying all information and knowledge sufficient to form a belief as to the other allegations of the complaint. The court gave judgment in favor of the appellants, and against the respondent *Agnew* for $510.24, amount due, and found, among other things, that no evidence had been produced authorizing *Murphy* and *Stocking* to be made defendants, and gave the plaintiffs a personal judgment against the defendant *Agnew* for the amount due from him, with costs to be taxed. The court decided that no lien existed against logs and timber cut and hauled in Douglas county for supplies furnished therein, and gave the defendants *Murphy* and *Stocking* a judgment against the plaintiffs for their costs and disbursements to be taxed. The plaintiffs appealed from the judgment refusing them a lien, and giving *Murphy* and *Stocking* judgment against them for their costs.

*John B. Arnold,* for the appellants.

For the respondents there was a brief by *Swift, Murphy & Bundy,* and oral argument by *R. E. Bundy.*

PINNEY, J. 1. The circuit court decided correctly in holding that at the time mentioned in the complaint there was no law in force giving a lien on logs, etc., cut and hauled in Douglas county, for supplies furnished therein to cut and haul the same. The statutes which have existed since the Revision of 1878, which gave such lien (secs. 3329–3331), are somewhat confused and uncertain; but the history of legislation on the subject is substantially that by ch. 330, Laws of 1881, all provisions then existing for a lien for supplies on logs and lumber, etc., were repealed, and no provision in that respect in regard to logs, etc., cut and hauled, etc., in Douglas county, for supplies furnished therein, has existed since then, unless contained in ch. 413, Laws of 1889. Ch. 469, Laws of 1885, re-enacted and

amended secs. 3329–3331, R. S., as amended, specifying how each of said sections should read, whereby a lien in such cases as the present was given for supplies in Oconto and certain other counties, naming them, but not naming Douglas county. Ch. 530, Laws of 1887, added Wood, Lincoln, and Oneida counties. The next act passed is ch. 413, Laws of 1889, which repealed secs. 3329–3331, R. S., and ch. 469, Laws of 1885, which, as already stated, re-enacted them as amended, and also repealed ch. 530, Laws of 1887, above mentioned. The act of 1889, ch. 413, sec. 1, gives a lien for the amount due or to become due for labor or services, which shall take precedence of all other claims or liens, in cutting, felling, hauling, running, etc., in any of the counties of the state; and provides when and where the claim of lien shall be filed, and in general how it shall be enforced, but makes no mention of any lien whatever for supplies, except in sec. 17 of the act, which provides that "appeals may be taken from all judgments rendered by justices of the peace, and judgments of circuit and county courts hereunder may be revised by the supreme court, as in ordinary civil actions, and *no lien for supplies* shall be had under this act except in the counties of Oconto and Douglas." It will be observed that the statute defining "supplies" had been repealed, and no law had existed since 1881 giving a lien for supplies furnished in Douglas county, though a law for that purpose had existed as to Oconto county; but the act giving it was in terms repealed by ch. 413, Laws of 1889, and this chapter did not give any lien for supplies in Douglas county at all, unless it can be held to have done so by implication arising from the provisions of sec. 17, above quoted.

The provision of sec. 17, relied on, is, we think, insuffi-cient for the purpose. It proceeds upon the mistaken as-sumption that under existing statutes such lien existed as to supplies furnished in Douglas county, when all provis-

ions on this subject as to that county had been and remained repealed for about eight years. Proceedings for a lien are in derogation of the common law, and must derive their support from some definite and clear statutory provision authorizing them. A statutory authority for such purpose cannot be raised by mere implication, particularly when the provision relied on is of vague and uncertain relation to a statute long since repealed, and appears to have been added to a section to which it is not germane through a clear misapprehension of the condition of the statutory law on the subject as well as the particular provisions of the act. The court cannot carry the office of interpretation and construction so far as to give effect to this undefined and incomplete declaration of legislative intention, if it can be called such. To do this would be to make the law instead of declaring it. Strained and doubtful interpretation and construction of statutes are productive of uncertainty and consequent mischief, and it is better that the court should adhere with reasonable strictness to the law as it is written. Sec. 17, ch. 413, Laws of 1889, does not, we think, provide for a lien for supplies in Douglas county.

2. It is insisted that the judgment rendered against the plaintiffs in favor of the defendants *Murphy* and *Stocking* jointly, for their costs, was erroneous. There was no reason whatever, it appears, for the plaintiffs to make *Murphy* a defendant, and he did not appear or answer, and, as he was not put to costs, was not entitled to any. *Stocking* came in, and asked to be made a defendant as owner of the logs attached, to defend against the plaintiffs' claim for a lien against them, under sec. 10, ch. 413, Laws of 1889; and, as the plaintiffs failed to maintain their lien, *Stocking* was clearly entitled to judgment for his costs. They were erroneously awarded to *Stocking* and *Murphy* jointly, but the error is not prejudicial to the plaintiffs, for the

amount awarded does not appear to have been increased by such joint award, and the plaintiffs will be fully protected by making payment of the amount to either *Stocking* or *Murphy*. There is no error in the proceedings of which the plaintiffs can complain.

*By the Court.*— The judgment of the circuit court is affirmed.